## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WP COMPANY LLC**
**d/b/a THE WASHINGTON POST**,

    1301 K Street NW
    Washington, DC 20071

           Plaintiff,

v.

**U.S. DEPARTMENT OF THE AIR FORCE**,

    1740 Air Force Pentagon
    Washington, DC 20330-1740

**U.S. DEPARTMENT OF THE NAVY**,

    720 Kennon Street SE, Room 233
    Washington Navy Yard, DC 20374-5013

           Defendants.

Case No. 1:21-CV-2458

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff WP Company LLC d/b/a *The Washington Post* ("the *Post*") brings this suit against Defendants U.S. Department of the Air Force (the "Air Force") and U.S. Department of the Navy (the "Navy").  In support thereof, the *Post* states as follows:

### INTRODUCTION

1.      This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2.      This action is related to *WP Company LLC v. Department of Defense, et al.*, Case No. 21-cv-1025-APM ("*Post v. DOD*").  In this case, as in *Post v. DOD*, the *Post* seeks records relating to the growing number of retired U.S. military personnel – including some of our

nation's highest-ranking former generals and admirals – who have sought permission to work for compensation by foreign governments.

3.    These records will lend transparency to the process by which former service members seek and receive our federal government's approval to deploy their unique American military experience in the service of foreign governments, including governments whose interests are potentially adverse to our national interest.

4.    These records will therefore inform the public about "what their government [has been] up to." *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989).

5.    Defendants have improperly withheld records responsive to the *Post*'s requests.

## PARTIES

6.    Plaintiff, the *Post*, is a news organization based in Washington, D.C.  It publishes the leading daily newspaper, by print circulation, in the nation's capital, as well as the website washingtonpost.com, which typically reaches an audience of more than 80 million unique visitors per month, according to independent auditor comScore.  Since 1936, the *Post* has won 69 Pulitzer Prizes.

7.    Defendant, the Navy, is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The Navy has possession and control of records requested by the *Post*.

8.    Defendant, the Air Force, is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Air Force has possession and control of records requested by the *Post*.

## JURISDICTION AND VENUE

9.    This action arises under FOIA.  This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.    Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

**The Foreign Government Employment ("FGE") Application Process**

11.     The Emoluments Clause of the U.S. Constitution provides that "no person holding any office of profit or trust under [the United States], shall, without the consent of the Congress, accept of any present, emolument, office, or title, of any kind whatever, from any king, prince, or foreign state."  U.S. Const., art. I, § 9, cl. 8.

12.     According to the Department of Defense  ("DOD") Standards of Conduct Office, "the Emoluments Clause prohibits receipt of consulting fees, gifts, travel expenses, honoraria, or salary by all retired military personnel, officer and enlisted, Regular and Reserve, from a foreign government **unless Congressional consent is first obtained**," and "[e]mployment compensation from foreign educational or commercial institutions that are owned, operated, or controlled by a foreign government generally qualifies as an emolument because such entities are viewed as an extension of the foreign government."  *See Summary of Emoluments Clause Restrictions*, https://dodsoco.ogc.osd.mil/Portals/102/summary_emoluments_clause_restrictions.pdf at 1 (emphasis in original).

13.     Congress has provided its consent under the Emoluments Clause, as a blanket matter, for retired members of the military to seek "civil employment (and compensation for that employment)" from foreign governments so long as they receive the approval of the Secretary of State and the Secretary of the Army, Navy, or Air Force.  37 U.S.C. § 908(a)-(b).

14.     Each branch of the military therefore manages an application process to receive such approval.  *See Summary of Emoluments Clause Restrictions* at 1-2.

15.     In February 2020, DOD reported to Congress that, from 2015 through 2019, the Air Force, Army, Navy, and Marines issued a total of 68 approvals for foreign government

employment "for a retired member of the armed forces in general or flag officer grade."  A true

and correct copy of DOD's report to Congress is attached hereto as Exhibit 1.

16.     General officers and flag officers "hold the most visible and important military

positions in the Department of Defense, including the Chairman of the Joint Chiefs of Staff, the

chiefs of the four military services, and the combatant commanders."  *See General and Flag*

*Officers in the U.S. Armed Forces: Background and Considerations for Congress*, Congressional

Research Service (Feb. 1, 2019), https://fas.org/sgp/crs/natsec/R44389.pdf at 1.

**FGE Records Previously Obtained Through FOIA**

17.     In August 2017, the Project On Government Oversight ("POGO") reported that,

through FOIA, it had obtained the names of "seven retired Marine Corps officers . . . who sought

and obtained permission from the Marine Corps to be paid to work on behalf of foreign

governments and companies after they retired."  *See* Mandy Smithberger, *Generally Concerning*,

POGO (Aug. 2, 2017), https://www.pogo.org/investigation/2017/08/generally-concerning/.

18.     Those officers included President Trump's first Secretary of Defense, James

Mattis, President Trump's second White House Chief of Staff, John Kelly, President Obama's

first National Security Advisor, James L. Jones, and the 35th Commandant of the Marine Corps,

James F. Amos, each of whom retired from the Marines at the rank of four-star general.  *Id.*

19.     Of particular note, according to the records obtained by POGO, General Jones

received permission in April 2017 to work as an "Independent Security Consultant" for "the

Minister of Defense for the Kingdom of Saudi Arabia."  *Id.*  Since January 2015, the Minister of

Defense for the Kingdom of Saudi Arabia has been Prince Mohammed Bin Salman ("MBS").

In October 2018, MBS personally approved the assassination of journalist Jamal Khashoggi.  *See*

*Assessing the Saudi Government's Role in the Killing of Jamal Khashoggi*, Office of the Dir. of

Nat'l Intel. (Feb. 26, 2021), https://www.dni.gov/index.php/newsroom/reports-publications/reports-publications-2021/item/2186-assessing-the-saudi-government-s-role-in-the-killing-of-jamal-khashoggi.  At the time of his assassination, Khashoggi was a contributor to the *Post*'s Global Opinions section.  *See, e.g.*, *Read Jamal Khashoggi's columns for The Washington Post*, https://www.washingtonpost.com/news/global-opinions/wp/2018/10/06/read-jamal-khashoggis-columns-for-the-washington-post/.

**The *Post v. DOD* Case**

20.     In October 2020, the *Post* submitted FOIA requests for FGE-related records to DOD, the Department of State, and each branch of the Armed Forces.

21.     On April 13, 2021, the *Post* filed its Complaint in the *Post v. DOD* case, challenging the agencies' responses to those FOIA requests.  Compl., *Post v. DOD*, Dkt. 1.

22.     The *Post v. DOD* case was assigned to Judge Amit P. Mehta, and the Defendants filed their Answer to the *Post's* Complaint on May 14, 2021.  Answer, *Post v. DOD*, Dkt. 13.

**The *Post*'s Additional FOIA Request To The Navy**

23.     On October 9, 2020, the *Post* submitted a FOIA request to the Navy seeking "[a]ll application records for Foreign Government Employment (FGE) from retired or former military personnel in your service" from January 1, 2015 to present.  A true and correct copy of the *Post*'s request is attached hereto as Exhibit 2.

24.     On March 31, 2021, the Navy responded to the *Post*'s request, producing 494 pages of records with redactions under Exemptions 4, 5, and 6, and stating that "[a] second and final batch of responsive documentation will be provided to [the *Post*] on or near the end of May 2021."  A true and correct copy of that response letter is attached hereto as Exhibit 3.

25.     On May 28, 2021, the Navy issued its "final response" to the *Post's* request, producing an additional 502 pages of records with redactions under Exemptions 4, 5, and 6. A true and correct copy of that response letter is attached hereto as Exhibit 4.

26.     On June 6, 2021, the *Post* appealed the Navy's withholdings under Exemptions 4, 5, and 6.  A true and correct copy of the *Post's* appeal is attached hereto as Exhibit 5.

27.     On July 7, 2021, the Navy responded to the *Post*'s appeal, stating that the Navy "is currently a party in litigation with the Washington Post, in the ongoing [*Post v. DOD* case], regarding the Subject FOIA requests, and/or FOIA matters that are anticipated to substantially affect your FOIA appeal."  The Navy further stated that "FOIA requests and appeals for matters currently in litigation will be administratively closed," and that the Navy was therefore "administratively closing your appeal without further action."  A true and correct copy of the Navy's response is attached hereto as Exhibit 6.

**The *Post*'s Additional FOIA Request To The Air Force**

28.     On July 1, 2021, the *Post* submitted a FOIA request to the Air Force seeking three categories of records:

> (A)     "[FGE] application records concerning Gen. William M. Fraser III (USAF, retired), including all correspondence, memos, etc., related to the Air Force's review and processing of the applications/requests";
>
> (B)     "[FGE] application records concerning Col. Shirlene D. Ostrov (USAF retired) including her work with the Azerbaijani government and connected entities"; and
>
> (C)     "Records from the Air Force Inspector General, the Office of the Secretary of the Air Force (SAF) and/or the Assistant Secretary for Manpower and Reserve Affairs (SAF/MR) concerning General Duncan McNabb (USAF, retired) and his post-retirement compensation from a foreign government or any foreign entities," including "records about how the Secretary of the Air Force or the SAF/MR adjudicated his case, including any punitive actions."

6

A true and correct copy of the *Post*'s request is attached hereto as Exhibit 7.

29.     On July 1, 2021, the Air Force acknowledged receipt of the *Post*'s request, stating that the agency "expect[s] to respond to [the] request not later than 90 days from date of this letter."  A true and correct copy of that response is attached hereto as Exhibit 8.

30.     The Air Force has failed to produce records responsive to the *Post*'s FOIA request.

31.     The Air Force has failed to inform the *Post* as to the scope of the records it will produce in response to the *Post*'s FOIA request or to provide a timetable for such production.

32.     The Air Force has failed to inform the *Post* as to the scope of responsive records that it will withhold pursuant to any FOIA exemption(s).

## CLAIMS FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief:
### The Air Force's Constructive Denial in Violation of FOIA, 5 U.S.C. § 552

33.     The *Post* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

34.     FOIA provides this Court with "jurisdiction to enjoin [the Air Force] from withholding agency records and to order the production of any agency records improperly withheld from [the *Post*]."  5 U.S.C. § 552(a)(4)(B).

35.     The records the *Post* seeks from the Air Force are agency records within the Air Force's control.

36.     FOIA requires that within 20 working days of receiving a FOIA request, an agency must notify a requester of, *inter alia*, the scope of the documents that the agency will produce and

the scope of the documents that the agency plans to withhold under any FOIA exemptions. *See* 5 U.S.C. § 552(a)(6)(A)(i).

37.     The Air Force received the *Post*'s FOIA request on July 1, 2021.  Ex. 8.

38.     Pursuant to FOIA, the Air Force was required to respond to the *Post*'s request by July 30, 2021.  5 U.S.C. § 552(a)(6)(A)(i).

39.     To date, however, the Air Force has not made and communicated to the *Post* a "determination" on its request within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

40.     There is no basis under FOIA to withhold, in whole or in part, the records requested by the *Post*.  The Air Force has wrongfully withheld agency records in violation of FOIA.

41.     The *Post* requests a declaratory judgment that the Air Force has violated FOIA and that the *Post* is entitled to immediately receive the requested records.

42.     The *Post* further requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court issue an injunction directing the Air Force to produce the requested agency records in full and setting a deadline for compliance.

## COUNT II
## Declaratory and Injunctive Relief:
## The Navy's Constructive Denial in Violation of FOIA, 5 U.S.C. § 552

43.     The *Post* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

44.     FOIA provides this Court with "jurisdiction to enjoin [the Navy] from withholding agency records and to order the production of any agency records improperly withheld from [the *Post*]."  5 U.S.C. § 552(a)(4)(B).

45.     The partially withheld records that are the subject of the *Post*'s appeal to the Navy are agency records within the Navy's control.

46.     The Navy received the *Post*'s appeal on June 16, 2021.  Ex. 6.

47.     Pursuant to FOIA, the Navy was required to make and communicate to the *Post* a "determination" on its appeal no later than July 15, 2021.  5 U.S.C. § 552(a)(6)(A)(ii).

48.     To date, the Navy has not made and communicated to the *Post* a "determination" on its appeal within the meaning of 5 U.S.C. § 552(a)(6)(A)(ii).   The Navy has instead "administratively clos[ed]" the *Post's* appeal.  Ex. 6.

49.     There is no basis to withhold the portions of responsive records that are the subject of the *Post*'s appeal.  The Navy has wrongfully withheld that material in violation of FOIA.

50.     The *Post* requests a declaratory judgment that the Navy has violated FOIA and that the *Post* is entitled to immediately receive in full the requested documents referenced above.

51.     The *Post* further requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court issue an injunction directing the Navy to produce all of the requested records in full and setting a deadline for compliance.

## REQUEST FOR RELIEF

WHEREFORE, the *Post* respectfully requests that this Court:

A.     Declare Defendants' failure to provide responsive records unlawful under FOIA;

B.     Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing Defendants to make the requested records available to the *Post*, unredacted, and without further delay, and setting a deadline for compliance;

C.     Provide for expeditious proceedings in this action;

D.     Award the *Post* its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.     Grant such other and further relief as the Court may deem just and proper.

Dated:  September 20, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Emmy Parsons (#1026101)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
parsonse@ballardspahr.com

*Counsel for Plaintiff WP Company LLC*
*d/b/a The Washington Post*