UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WP COMPANY LLC<br>d/b/a THE WASHINGTON POST,<br><br>    Plaintiff,<br><br>         v.<br><br>U.S. DEPARTMENT OF THE AIR FORCE and<br>U.S. DEPARTMENT OF THE NAVY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 21-2458 (APM) |

**<u>ANSWER</u>**

Defendants U.S. Department of the Air Force ("Air Force") and U.S. Department of the Navy ("Navy"), by and through undersigned counsel, hereby respond to the allegations in the Complaint for Declaratory and Injunctive Relief (the "Complaint"), filed by Plaintiff WP Company LLC, d/b/a The Washington Post, on September 20, 2021, ECF No. 1, as follows:

**INTRODUCTION**[1]

1.  The allegations in Paragraph 1 constitute Plaintiff's characterization of this action brought under the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to declaratory or injunctive relief, or to any relief whatsoever.

2.  The allegations in Paragraph 2 constitute Plaintiff's characterization of this action. To the extent a response is required, Defendants respectfully refer the Court to the Complaint.

---

[1] Merely for ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3. The allegations in Paragraph 3 constitute Plaintiff's characterization regarding the records that it requested in its FOIA request.

4. The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited court decision, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 4 to the extent they are inconsistent with the referenced decision's text, meaning, or context.

5. The allegations in Paragraph 5 constitute conclusions of law to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations in Paragraph 5.

## PARTIES

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. The Navy admits that it is an agency of the federal government. The Navy admits that it has possession and control of records that Plaintiff seeks and avers that to the extent the Navy has possession and control of such records, some or all of the records are exempt, in whole or in part, from disclosure under FOIA.

8. The Air Force admits the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. Defendants admit the allegations in the first sentence of Paragraph 9. The remaining allegations in Paragraph 9 constitute conclusions of law, to which no response is required.

10. Defendant admits that venue is proper in this judicial district.

**FACTUAL ALLEGATIONS**

11. The allegations in Paragraph 11 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

12. The allegations in Paragraph 12 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

13. The allegations in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

14. The allegations in Paragraph 14 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

15. The allegations in Paragraph 15 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

16. The allegations in Paragraph 16 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court

determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

17. The allegations in Paragraph 17 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

18. The allegations in Paragraph 18 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

19. The allegations in Paragraph 19 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

20. The allegations in Paragraph 20 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

21. The allegations in Paragraph 21 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

22. The allegations in Paragraph 22 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

23. Defendants admit that that Plaintiff submitted a FOIA request to the Navy dated October 9, 2020, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 23 to the extent they are inconsistent with the request's text, meaning, or context.

24. Defendants admit that, on March 31, 2021, in response to Plaintiff's FOIA request, the Navy sent Plaintiff a response, which speaks for itself and is the best evidence of its contents. The Navy denies the allegations in Paragraph 24 to the extent they are inconsistent with the response's text, meaning, or context.

25. Defendants admit that, on May 28, 2021, the Navy sent Plaintiff a final response to Plaintiff's FOIA request. The final response speaks for itself and is the best evidence of its contents. The Navy denies the allegations in Paragraph 25 to the extent they are inconsistent with the final response's text, meaning, or context.

26. Defendants admit that, by letter dated June 6, 2021, Plaintiff appealed the Navy's responses to Plaintiff's FOIA request. This appeal speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 26 to the extent they are inconsistent with the appeal's text, meaning, or context.

27. Defendants admit that, by letter dated July 7, 2021, the Navy responded to Plaintiff's appeal. This response speaks for itself and is the best evidence of its contents.

Defendants deny the allegations in Paragraph 27 to the extent they are inconsistent with the response's text, meaning, or context.

28. Defendants admit that that Plaintiff submitted a FOIA request to the Air Force dated July 1, 2021, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 28 to the extent they are inconsistent with the request's text, meaning, or context.

29. Defendants admit that on July 1, 2021, the Air Force sent Plaintiff an initial response to its FOIA request. The response speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 29 to the extent they are inconsistent with the response's text, meaning, or context.

30. The allegations in Paragraph 30 constitute conclusions of law to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations in Paragraph 30 as stated.

31. Defendants admit that the Air Force has not yet communicated with Plaintiff regarding the Air Force's response to Plaintiff's July 1, 2021, FOIA request. Defendants deny the remaining allegations in Paragraph 31 as stated.

32. Defendants admit that the Air Force has not yet communicated with Plaintiff regarding the Air Force's response to Plaintiff's July 1, 2021, FOIA request. Defendants deny the remaining allegations in Paragraph 32 as stated.

## CLAIMS FOR RELIEF

### COUNT I

33. Defendants reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

34. The allegations in Paragraph 34 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of their contents. Defendants deny the allegations in Paragraph 34 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

35. With respect to the allegations in Paragraph 35, Defendants respectfully refer the Court to the FOIA request submitted by Plaintiff to the Air Force. The request speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 35 to the extent they are inconsistent with the request's text, meaning, or context.

36. The allegations in Paragraph 36 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 36 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

37. Defendants admit the allegations in Paragraph 37.

38. The allegations in Paragraph 38 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 38 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

39. The allegations in Paragraph 39 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its

contents. Defendants deny the allegations in Paragraph 39 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

40. The allegations in Paragraph 40 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations in Paragraph 40.

41. Paragraph 41 constitutes Plaintiff's request for relief in this action, which is set forth in the Complaint, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 41 to the extent they are inconsistent with the Complaint's text, meaning, or context.

42. Paragraph 42 constitutes Plaintiff's request for relief in this action, which is set forth in the Complaint, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 42 to the extent they are inconsistent with the Complaint's text, meaning, or context.

**COUNT II**

43. Defendants reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

44. The allegations in Paragraph 44 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 44 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

45. The allegations in Paragraph 45 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer

the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 45 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

      46.      Defendants admit the allegations in Paragraph 46.

      47.      The allegations in Paragraph 47 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 47 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

      48.      The allegations in the first sentence of Paragraph 48 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants respectfully refer the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the first sentence of Paragraph 48 to the extent they are inconsistent with the referenced statute's text, meaning, or context. With respect to the allegations in the second sentence of Paragraph 48, Defendants admit that, by letter dated July 7, 2021, the Navy responded to Plaintiff's appeal. This response speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the second sentence of Paragraph 48 to the extent they are inconsistent with the response's text, meaning, or context.

      49.      The allegations in Paragraph 49 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations in Paragraph 49.

50. Paragraph 50 constitutes Plaintiff's request for relief in this action, which is set forth in the Complaint, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 50 to the extent they are inconsistent with the Complaint's text, meaning, or context.

51. Paragraph 51 constitutes Plaintiff's request for relief in this action, which is set forth in the Complaint, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in Paragraph 51 to the extent they are inconsistent with the Complaint's text, meaning, or context.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of a request for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested in these paragraphs, or elsewhere in the Complaint, or to any relief whatsoever

## DEFENSES

Defendants assert the following defenses to the Complaint.  In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.  Defendants also reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

1. Defendants deny each allegation contained in the Complaint not expressly admitted in this Answer.  Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

2. The FOIA requests that are the subject of this lawsuit implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required.

3. The Complaint violates Rule 8(a)(2) to the extent that it alleges background information that is unnecessary to a "short and plain" statement of the claim. Should the Court deem Defendants' responses to such allegations to be insufficient, the Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f)(1).

Dated: October 25, 2021

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: ___/s/ *Paul Cirino*___
PAUL CIRINO, D.C. Bar #1684555
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2529
Facsimile: (202) 252-2599
paul.cirino@usdoj.gov

*Attorneys for Defendants*